IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maurice McNeil, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action No. 09-825 |
| City of Pittsburgh, Pittsburgh Bureau of Police – Department of Public Safety, Nathan Harper, Allegheny County, Dan Onorato, Stephen A. Zappala, Jr., Allegheny County District Attorney Detectives, Terrance O'Leary, Carl Schradder, William Friburger, Robert L. Kavals, Eric J. Harper, Wesley McClellan, Phillip Mercurio, Michael Horgan, James Stocker, | ) |
|     Defendants. | ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

Pending is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) filed by Defendants City of Pittsburgh Police Officers, Carl Shradder (Carlos Shrader), William Friburger, Robert L. Kavals, Eric J. Harper (Harpster), and Phillip Mercurio ("Officer Defendants"), for insufficient service of process and for failure to state a claim upon which relief can be granted. (Docket No. 3). Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Officer Defendants' Motion to Dismiss for insufficient service is granted.

**OPINION**

A.  **Background**

Plaintiff, Maurice McNeil ("McNeil" or "Plaintiff") filed a Complaint against Defendants, including the Officer Defendants, in the Court of Common Pleas of Allegheny County on or about May 29, 2009. (Docket No. 1, Ex. A). On June 24, 2009, Defendants City of Pittsburgh, Pittsburgh Bureau of Police – Department of Public Safety, and Nathan Harper ("City Defendants") removed the case to this Court. (Docket No. 1). On July 6, 2009, the City Defendants filed an Answer to the Complaint and Affirmative Defenses. (Docket No. 2).

On October 31, 2011, the Officer Defendants filed the instant Motion to Dismiss pursuant to 12(b)(5) arguing that Plaintiff failed to serve sufficient process on them. A status conference was held in this case on November 7, 2011. At the conference, Plaintiff's counsel agreed that the only service made was on the City Defendants. Plaintiff's counsel also represented to the Court that he is currently unable to locate Plaintiff. Plaintiff did not file any response to the pending Motion to Dismiss.

B.  **Legal Analysis**

Rule 4(m) of the Federal Rules of Civil Procedure governs the time limits for service of a complaint and provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). In this case, the Officer Defendants have filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for failure to comply with 4(m). Under Rule 12(b)(5), a plaintiff's failure to serve sufficient process on a defendant is a defense to the plaintiff's claims and a ground for dismissal. See Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992).

Here, the Officer Defendants contend that, with the exception of Robert L. Kavals, none of them has received any process in the above-captioned matter. Motion ¶ 12. Although Officer Kavals remembers receiving "some sort of documentation in 2009 regarding the instant case in his office mail," the nature of this document is unknown, and Officer Kavals does not remember receiving, or returning, a waiver for service of summons. Id. ¶ 13. There is no indication that what Officer Kavals received satisfied the service of process requirements of Rule 4. In addition, at a status conference in this case held on November 7, 2011, Plaintiff's counsel agreed that the only service made in this case was made on the City Defendants. (Docket No. 4). Finally, although Plaintiff's deadline to respond to the instant Motion to Dismiss was posted electronically and conveyed to Plaintiff's counsel at the November 7, 2011 conference, Plaintiff failed to file a response.

In short, over two years has passed since Plaintiff filed his Complaint, meaning that he is well outside Rule 4(m)'s 120-day deadline for service. Because the Officer Defendants have demonstrated that Plaintiff failed to serve them at all, and because Plaintiff has failed to show good cause for this failure of service, the Officer Defendants' 12(b)(5) Motion to Dismiss (Docket No. 3) is granted.[1]

---

[1] Because I am granting the Motion to Dismiss under Rule 12(b)(5), it is unnecessary for me to address the Officer Defendants' alternative argument that Plaintiff's claims against them should be dismissed for failure to state a claim under Rule 12(b)(6).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maurice McNeil,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Pittsburgh, Pittsburgh Bureau of Police – Department of Public Safety, Nathan Harper, Allegheny County, Dan Onorato, Stephen A. Zappala, Jr., Allegheny County District Attorney Detectives, Terrance O'Leary, Carl Schradder, William Friburger, Robert L. Kavals, Eric J. Harper, Wesley McClellan, Phillip Mercurio, Michael Horgan, James Stocker,<br><br>    Defendants. | Civil Action No. 09-825 |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 21st day of November, 2011, it is ordered that the Motion to Dismiss (Docket No. 3) filed by Defendants City of Pittsburgh Police Officers, Carl Shradder (Carlos Shrader), William Friburger, Robert L. Kavals, Eric J. Harper (Harpster), and Phillip Mercurio ("Officer Defendants"), is granted and that the above-captioned action against the Officer Defendants is hereby dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

It is further ordered that the remaining parties shall complete all discovery, fact and expert, by December 30, 2011.  All interrogatories, depositions, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.  A post-discovery/settlement conference will be conducted on January 5, 2012 at 12:00 p.m., at which time deadlines will be set for filing dispositive motions.

BY THE COURT:

<u>/s/ Donetta W. Ambrose</u>
Donetta W. Ambrose
Senior U.S. District Judge